**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 26-cv-25442-ALTMAN/Hernandez**

**NOAM HOLDINGS 770 LLC**,

*Plaintiff,*

*v.*

**MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**,

*Defendant.*

_______________________________________/

**ORDER**

Before the Court is the parties' Joint Motion to Stay Pending Completion of an Appraisal (the "Motion"). [ECF No. 14].[1] In this insurance action, the parties have agreed to an appraisal that they submit will "limit discovery[,] . . . reduce the issues in dispute, and potentially effectuate a resolution." *Id.* at 1. For the reasons below, the Motion is GRANTED.

* * *

On July 16, 2026, Plaintiff Noam Holdings 770 LLC ("Plaintiff") sued its insurer, Mesa Underwriters Specialty Insurance Company ("Defendant") (together with Plaintiff, the "Parties"), in state court for breach of a Surplus Lines commercial property insurance policy. [ECF No. 1-2 at 7–10]. About a month later, Defendant removed the case to federal court. [ECF No. 1]. Plaintiff claims $600,585 in indemnity damages, exclusive of interest and costs. [ECF No. 1-3 at 2]. On September 1, 2026, the Parties filed the Motion, asking that the Court stay this matter pending an appraisal. [ECF No. 14]. In addition to the claim underlying this action, the Parties are working toward resolving two other claims and wish to appraise these claims together. They do so on the condition that the appraisal

[1] The Honorable Roy K. Altman referred all pre-trial non-dispositive and discovery matters in this case to us. [ECF No. 5].

should contain an itemization of the damage arising from each of these three separate losses. *Id.* at 1. The claim upon which Defendant brings this lawsuit alleges damages to some of the same areas as one of the claims not before the Court. *Id.* ¶ 3. The Parties have agreed that the requested appraisal will be itemized as follows, with estimates provided for each category:

1. Building damage caused by the 10/2/25 loss (the "First Loss");
2. Building damage caused exclusively by the 12/10/25 loss (the "Second Loss") (excluding any property also damaged in the First Loss);
3. Building damage caused by a 2024 loss submitted to a prior insurer and not proven to have been repaired;

4–6. Mitigation costs associated with categories 1–3, respectively;

7. Personal property damage caused by the First Loss; and
8. Personal property damage caused exclusively by the Second Loss (excluding any property also damaged in the First Loss).

*Id.* ¶ 4.

The Parties agree that the appraisal will determine the loss amount, *id.* ¶ 5, and will therefore "limit the discovery needed in this case, reduce the issues in dispute, and potentially effectuate a resolution." *Id.* at 1. They say that a stay pending appraisal will thus promote judicial economy and may help speed along a resolution. *Id.* at 3. To that end, they ask that the Court stay the case pending the appraisal and reserve jurisdiction on the coverage and affirmative defense issues. *Id.*

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). And, in this District, courts have granted parties' requests for a stay pending appraisals. *See, e.g.*, *Marin, Eljaiek, Lopez & Martinez, P.L. v. Travelers Cas. & Sur. Co. of Am.*, No. 1:24-cv-21538-KMM, Dkt. No. 8 (S.D. Fla. May 21, 2024) (staying case for 90 days to allow for appraisal); *1941 Liberty, LLC v. Aspen Specialty Ins. Co.*, No. 1:21-cv-23255-RKA, Dkt. No. 21 (S.D. Fla. June 14, 2022) (same, for 123 days); *Magnolia Lane Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 1:19-cv-24202-RNS, 2020 WL 13561903, at *1 (S.D. Fla. Aug. 18, 2020) (same,

for 150 days); *Rojas v. Scottsdale Ins. Co.*, No. 1:19-cv-24105-KMM, Dkt. No. 20 (S.D. Fla. Nov. 18, 2019) (staying case and requiring regular status reports).

The Parties' representations that appraisal may effectuate a resolution of this matter, or, alternatively, narrow the issues for adjudication, [ECF No. 14 at 1, 3], weigh in favor of granting the requested stay, as additional litigation may prove unnecessary. *See Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FTM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019) ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). Accordingly, a stay is proper. But not an indefinite one. The Parties, consistent with other courts' practices in this District, shall complete the appraisal within 150 days of this Order. Should the Parties resolve their dispute, they must notify the Court immediately.

For the foregoing reasons, it is ORDERED and ADJUDGED that the Motion is GRANTED as follows:

1. This case is STAYED for 150 days so that the Parties may conduct an appraisal. Prior to the expiration of the 150-day appraisal period, the Parties shall file either a Joint Notice of Settlement or a Joint Motion to Lift the Stay.
2. The Clerk shall CLOSE this case for administrative purposes.
3. The Parties shall submit a joint status report describing their progress every 30 days from the date of this Order. Either party may move to reopen the case, if appropriate, prior to the expiration of the 150-day appraisal period.
4. The Parties shall advise the Court immediately if they reach a settlement.

**DONE AND ORDERED** in the Southern District of Florida on September 16, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**